UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 21 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Clinton T. Eldridge,

    Plaintiff,

v.

Charles Hall *et al.*,

    Defendants.

Civil Action No. 10 1597

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen and dismiss a prisoner's complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. For the following reasons, the Court will dismiss this complaint.

Plaintiff is a prisoner at the United States Penitentiary in Florence, Colorado. In what is captioned a complaint under 42 U.S.C. § 1983, plaintiff sues three assistant United States attorneys ("AUSA") in their official and individual capacities. He sues two AUSAs for alleged statements they made in hearings in 1984 during his criminal prosecution in the Superior Court of the District of Columbia; he sues the other AUSA for allegedly refusing to respond to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Compl. at 4-8. Plaintiff seeks an order to compel defendants "to produce all physical evidence . . . to be tested so plaintiff can prove he is innocent of the crimes." *Id.* at 2; 11.

Plaintiff has stated no claim for which the federal defendants may be held liable in their individual capacities under § 1983 or its federal analog, *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the remedy for which "is damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted). And plaintiff's FOIA request must be directed to an executive branch agency in accordance with the agency's FOIA regulations. An agency's obligation to produce responsive records is triggered by its receipt of a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules[.]" 5 U.S.C. § 552(a)(3)(A). Because there is no indication from the complaint that plaintiff properly submitted a FOIA request to an agency, this Court lacks jurisdiction to entertain such a claim. *See* 5 U.S.C. § 552(a)(4)(B) (creating federal court jurisdiction over claims arising from the improper withholding of agency records); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (federal jurisdiction under the FOIA "is dependent upon a showing that an agency" improperly withheld agency records) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)) (internal quotation marks omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: September 14, 2010